**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CHICAGO GRAPHIC ARTS HEALTH AND WELFARE PLAN; ROBERT MILLER and JAMES E. MADDEN, in their capacity as Trustees of the Chicago Graphic Arts Health and Welfare Plan, GRAPHIC COMMUNICATIONS CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS SUPPLEMENTAL RETIREMENT AND DISABILITY FUND; GEORGE TEDESCHI, and PAUL ROSENBERG, in their capacity as Trustees of the GCC/IBT Supplemental Retirement and Disability Fund, and CARL J. LOSTRACCO, JOHN P. CAPUTO, THOMAS S. GEHR, ROBERT J. MUCCIANTI, DENNIS A. BETSANES, and DONALD J. ROTOR, ANDREW J. GEHR,** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Case No. 07 C 6287** |
| ) | |
| **UNITECH PREPRESS SOLUTIONS, INC., and ROBERT E. LUDFORD, III,** ) ) ) | **Judge Gettleman** |
| ) ) | |
| Defendant, ) | |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND DAMAGES**

Plaintiffs, the Chicago Graphic Arts Health and Welfare Plan ("Health Plan"), Robert Miller and James E. Madden, in their capacity as Trustees of the Health Plan, the Graphic Communications Conference of the International Brotherhood of Teamsters Supplemental Retirement and Disability Fund (hereinafter referred to as the "SRDF"), George Tedeschi and Paul Rosenberg in their capacity as Trustees of the SRDF and Carl J. Lostracco, John P. Caputo, Thomas S. Gehr, Robert J. Muccianti Dennis A. Betsanes, Donald J. Rotor, and Andrew J. Gehr (collectively referred to as

1

"Unitech Employees") move for default judgment and for a prove up of an amount certain against Unitech Prepress Solutions, Inc. ("Unitech") and Robert E. Ludford, III ("Ludford"), individually. In support of this motion plaintiffs state as follows:

1.    On November 6, 2007, plaintiffs filed the instant complaint to collect delinquent contributions payments owed to the Funds under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and under the Labor Management Relations Act, 29 U.S.C.§ 185, and for amounts owed to Unitech Employees for unpaid wages. Plaintiffs filed Count I as plan beneficiaries under Section 502(a)(2) of ERISA, 11 U.S.C. § 1132(a)(2) to recover plan assets which Unitech Employees authorized defendant to deduct from their wages and remit to the Health Plan as medical co-payments. Plaintiffs filed Counts II and III for unpaid contributions owed to the Health Plan and to the SRDF. And, plaintiffs filed Counts IV, V, and VI against Unitech and Ludford under the Illinois Wage Payment and Collection Act, 820 ILCS 115/5 *et seq.,* and for conversion pursuant to the Court's power of supplemental jurisdiction.

2.    Plaintiffs effected service to both the corporate entity and to Ludford, individually. With respect to service to Unitech, on November 16, 2007, plaintiffs' process server, Michael Andre Smith, served the secretary for the Registered Agent, David S. Mann, at the registered agent's address,131 S. Dearborn Street, Chicago, IL. With respect to service to Robert E. Ludford, III, on November 20, 2007, plaintiffs' process server, Don Johnson, personally handed summons and complaint to defendant Robert E. Ludford, III at 125 E. Margaret Terrace, Cary, Illinois 60013. A copy of the return of service is attached hereto as Exhibits 1 and 2.

3.    Over twenty days has past since the service of each summons and no answer or appearances have been filed by the defendants. Plaintiffs will send a copy of this motion to the

Company President, Robert E. Ludford, III at the address of 125 E. Margaret Terrace, Cary, Illinois 60013.

**DAMAGES UNDER COUNTS I AND II.**

4. With respect to Counts I and II, plaintiffs seek judgment against defendants Unitech and Ludford for unpaid amounts owed to the Health Plan. Unitech is liable for monthly contributions owed to the Health Plan on behalf of covered employees. Unitech is also liable for the employees' portion, because for the period from December 2006 through June 2006, amounts were deducted from employees' wages but not transferred to the Health Plan. Section 2510.3-102 of the Employee Benefits Security Administration Regulation provides that employees' wages withheld for the purpose of forwarding to the Health Plan are considered Plan assets. By Ludford and Unitech's illegal exercise of discretionary authority in failing to timely deposit monies that were knowingly deferred from Unitech Employees' wages to the Health Plan, the Company and Ludford engaged in "prohibited transactions" with respect to Plan assets and breached their fiduciary duty.

5. The Health Plan is managed by the Benefits Management Group, Inc., a third party administrator whose chief financial officer is Christopher Krzysko. Mr. Krzysko establishes in an affidavit attached hereto the amounts owed to the Health Plan. (See, affidavit, Exhibit 3). For the period from December 2006 through June 2007, the Company withheld the amount of $14,763.05 from employees' wages to be submitted to the Health Plan. (See, Exhibit 3, Krzysko Affidavit ¶3 ). For the period from December 2006 through June 2007, Unitech failed to make its monthly contribution on behalf of covered employees in the amount of $65,184.70.

6. The Health Plan's Trust Agreement permits the Trustees to establish and assess penalties for all contributions not paid in a timely manner. Liquidated damages are set at the rate

of five percent (5%) if the principal is not received by the date due, and if the principal is not received by the last day of the month in which the due date falls, then an amount equal to twenty percent (20%) of the unpaid contribution is added to the five percent damage award. As shown in paragraph 6 of Mr. Krzysko affidavit, the amount of $3,690.76 is owed in penalties to the Health Plan for Unitech Employees' portion (consisting of $738.15 (5%) plus $2,952.61 (20%)); the amount of $16,296.17 is owed in penalties for nonpayment of the employer's portion (consisting of $3,259.23 (5 %) and $13,036.94 (20%)).

### DAMAGES OWED UNDER COUNT III TO THE SRDF

7.   On or about November 14, 2006, Unitech failed to pay timely contributions to the SRDF, which resulted in an arbitration hearing, after proper notice to Unitech. Thereafter, the SDRF Trustees issued an award that consisted of unpaid contributions for July 2006 and continuing to the present. (Exhibit 4; Thomos Affidavit ¶2). A true and correct copy of the award is attached to the Complaint as Exhibit B. The amount of $220.00 remains due GCC/IBT for costs connected with the arbitration proceeding.

8.   As described by the affidavit of SRDF representative, James Thomos, Unitech is responsible to remit contributions to the SRDF based on the number of covered employees working in the bargaining unit. Full payment has not been made in satisfaction of contributions amounts owed which, for the period from April 2007 through May 2007 totals $7,898.58. Defendant also owes damages in the amount of $1,579.72 and $401.95 in interest. (Exhibit 3).

### DAMAGES OWED TO UNITECH EMPLOYEES

9.   Pursuant to the Illinois Wage Payment and Collection Act ("IWPCA"), employers are required to pay all wages and vacation time earned to employees at the time of employees'

termination, or no later than the employer's next regular pay day. 820 ILCS § 115/5. Where a Company President knowingly permits the corporation to violate the IWPCA, the Company President is personally liable as an officer of Unitech for wages and vacation time owed to Unitech Employees. 820 ILCS § 115/13.

10. With respect to Count IV, defendants Unitech and Ludford failed to pay the following employees their wages for weeks of May 2007, as shown below. An affidavit attached hereto from each of the Unitech Employees sets forth the hours worked, each individual's wage rate, and the amounts due as follows (Group Exhibit 5):

| Name: | Weeks beginning: | Gross pay amounts: |
|---|---|---|
| Dennis Betsanes | May 21, 28 | $2,183.26 |
| | Outstanding vacation pay: $4,395.61 | |
| John P. Caputo | May 21, 28 | $2,258.24 |
| | Outstanding vacation pay: $5,645.62 | |
| Andrew Gehr: | May 14, 21, 28 | $3,338.84 |
| | Outstanding vacation pay: $4,437.00 | |
| Thomas S. Gehr | May 21, 28 | $2,262.74 |
| | Outstanding vacation pay: $4,525.48 | |
| Carl J. Lostracco | May 21, 28 | $2,324.24 |
| | Outstanding vacation pay: $5,810.62 | |
| Robert Muccianti | May 21, 28 | $2,402.46 |
| | Outstanding vacation pay: $4,449.00 | |
| Donald J. Rotor | May 21, 28 | $2,153.26 |
| | Outstanding vacation pay: $5,598.45 | |

11. The Company owes the amount of $16,923.04, collectively, to Unitech Employees in outstanding gross wages and the amount of $34,861.78, in vacation pay for a total of $51,784.82, as described above.

12. As established by an affidavit of Paul Mancillas (Exhibit 6) and Article 13 of the Collective Bargaining Agreement, the employer is obligated to withhold a percentage from employees' gross wages and forward such amounts payable to the Trustees of the Inter-Local

Pension Fund by sending the check to Local 458M, GCC/IBT or to the individual employee. According to Article 13.2, wages so withheld must be forwarded within ten days from the month or the week for which they are withheld, and an employer in default is liable for legal costs incurred in collection of amounts owed.  As established by Mr. Mancillas, and Unitech employees' records, Unitech deducted the Inter-Local Pension Fund contribution from employees' paychecks for the period from April 2007 through May 20, 2007, but failed to remit those amounts to the Inter-Local Pension Fund.  The amounts withheld by Unitech from employees' paychecks for the period April 7 through May 20, 2007 is $5,109.57.  An amount of $1,109.24 is due to the Inter-Local Pension Fund for the period after May 20, 2007, where Unitech failed to pay employees' wages.  The total amount owed to the Inter-Local Fund which includes amounts not paid by the Company to Unitech Employees as wages is $6,218.81.  By the failure of Unitech and Ludford to make payments to the Inter-Local Pension Fund on behalf of Unitech Employees, both Unitech and Ludford breached their fiduciary duties, and are liable for amounts withheld or not otherwise forwarded to the Inter-Local Pension Plan.

13.    Pursuant to ERISA, §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid contributions.  In addition, attorneys' fees are awarded for prosecuting actions in which to collect wages and benefits owed pursuant to 705 ILCS 225/1.  The parties' collective bargaining agreement requires that the employer pay all fees for which the Trustees become legally bound to pay including damages, interest, audit costs, filing fees and any other expenses incurred.  Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel in the total amount of $11,635.00 (K. Engelhardt affidavit, Exhibit 7).  Costs are owed in the amount of $488.00, consisting of filing and

service charges.

**WHEREFORE,** plaintiffs request entry of a judgment on behalf of the Health Plan, the SRDF and the individual plaintiff Unitech Employees as shown in paragraph 10, and against Unitech in the amount of $178,832.32, which also includes the plaintiffs' reasonable attorneys' fees and costs. Plaintiffs request entry of judgment on behalf of the Health Plan and the Unitech Employees against Ludford, personally, in the total amount of $87,471.20, which also includes attorneys' fees and costs. Attached as Exhibit 8 plaintiffs have specifically described the amounts that are included in the above judgments. A draft judgment order is also attached hereto.

                Respectfully submitted,

                /S/ Karen I. Engelhardt
                One of Plaintiffs' counsel

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400
ARDC # 03128850                March 10, 2008